UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ISRAEL GARZA,
Plaintiff,

vs.

HONORABLE MARVIN ISGURE, *et al.*,
Defendants.

Case No. 1:12-cv-332

Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT AND
RECOMMENDATION**

Plaintiff Israel Garza,[1] proceeding pro se, brings this action against defendants Honorable

Marvin Isgur, Michael B. Schmidt, Kevin Hanna, Heriberto Medrano, Albert V. Villegas,

Baldemar Cano, and Demetrios Duarte, alleging violations of his constitutional rights.  This

matter is before the Court on: (1) defendants Michael B. Schmidt, Kevin P. Hanna, and Demetrio

Duarte's motion to dismiss (Doc. 3) and plaintiff's response in opposition (Doc. 11)[2]; (2)

defendant Albert Villegas' motion to dismiss (Doc. 5); (3) defendant Baldemar Cano's motions

to dismiss (Docs. 7, 9); (4) defendant Judge Isgur's motion to dismiss (Doc. 12) and plaintiff's

_____

[1] Although plaintiff Israel Garza purports to submit the complaint on behalf of himself and Anita Garza, a review of the complaint reflects that it was signed by Israel Garza only. *See* Doc. 1 at 10, 12. *See also* Doc. 1, Ex. 2 (Civil Cover Sheet signed by Israel Garza).  Plaintiff is not a lawyer and may not represent Anita Garza in this matter. *See Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830-31 (7th Cir. 1986); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982). *See also Smith v. Dukes*, 21 F. App'x 344, 2001 WL 1177855 (6th Cir. 2001); *Harrison v. Seay*, 856 F. Supp. 1275, 1279 (W.D. Tenn. 1994).  By law, an individual may appear in federal court only pro se or through legal counsel. 28 U.S.C. § 1654.  In addition, Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a).  Pleadings not signed on behalf of a party or licensed attorney are subject to dismissal. *See, e.g., Keyway Leasing Trust v. U.S.*, 1999 WL 810386, at *2 (W.D. Mich. 1999); *Lawton v. Medevac Mid-America, Inc.*, 138 F.R.D. 586, 588 (D. Kan. 1991).  Accordingly, plaintiff, Israel Garza, may not represent any other plaintiff in this matter and the Court construes the complaint as being brought solely by Israel Garza.

[2] Plaintiff's response in opposition is titled "Motion to Strike Motion to Dismiss Filed June 08, 2012." (Doc. 11).  A review of the docket in this matter reveals that no motion to dismiss was filed on June 8, 2012. Rather, on June 8, 2012, the Clerk of Court sent a notice to plaintiff about his obligation to file a response to defendant Cano's amended motion to dismiss (Doc. 9). *See* Doc. 10.  Plaintiff's response contains no specific reference to defendant Cano but, rather, appears to be directed at defendants Schmidt, Hanna, and Duarte's motion to dismiss as it includes arguments directed at defenses raised only by these defendants. *See* Doc. 11 at 7. Plaintiff's response also addresses arguments raised by Judge Isgur's in his motion to dismiss. *Id.* at 3. Accordingly, the Court will construe plaintiff's motion to strike (Doc. 11) as a response to the motions to dismiss of defendants Schmidt, Hanna, Duarte, and Judge Isgur.

response in opposition (Doc. 11); (5) plaintiff's motion for clarity (Doc. 14); (6) plaintiff's

motions for "injunctions on all cases filed with the Appeal Assigned to the Honorable Judge

Micaela Alvarez" (Docs. 15, 16); and (7) plaintiff's "Answer to Hon. Susan Dlott on proposed

dismissal" (Doc. 18)[3] and Judge Isgur's response thereto. (Doc. 19).

## I. Procedural History

Plaintiff filed his complaint in this action on April 26, 2012, claiming that defendants

violated his constitutional rights. (Doc. 1). Plaintiff appears to allege that his due process and

equal protection rights were violated during bankruptcy court proceedings in the case of *In re*

*Anita C. Ramirez, et al.*, No. 09-70051 (Bankr. S.D. Tex. 2011). As relief, plaintiff seeks

damages in the amount of $70,000,000 from Judge Isgur and $36,000,000 from the remaining

defendants, jointly and severally, and a federal injunction to stay proceedings as to the sale or

auction of the property at issue in the bankruptcy proceedings. (Doc. 1 at 10). Defendants

Schmidt, Hanna, Duarte, Villegas, Cano, and Isgur have filed motions to dismiss plaintiff's

complaint against them pursuant to Fed. R. Civ. P. 12(b)(6). (Docs. 3, 5, 7, 9, 12). The Court

will address the pending motions to dismiss before reaching plaintiff's motions.

## II. Standard of Review for Defendants' Motions to Dismiss (Docs. 3, 5, 7, 9, 12)

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which

relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss,

plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell*

---

[3] Plaintiff's "Answer" contains allegations similar to those raised in the complaint. The Court takes judicial notice that plaintiff Israel Garza filed an identical "Answer" in the case of *Garza v. Isgur*, No. 12-cv-301 (S.D. Ohio 2012) as an objection to Magistrate Judge Bowman's Report and Recommendation that plaintiff's lawsuit be dismissed. *See id.* at Doc. 19. *See also Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record.") (internal citations and quotations omitted). As best the Court can discern, it appears that plaintiff seeks to have this "Answer" serve as a

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). Furthermore, the plaintiff must provide in the claim "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly,* 550 U.S. at 555).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). Courts are not required to devote time to a case when the nature of a pro se plaintiff's claim "defies comprehension." *Roper v. Ford Motor Co.,* No. 1:09cv427, 2010 WL 2670827, at *3 (S.D. Ohio April 6, 2010) (Report & Recommendation), *adopted,* 2010 WL 2670697 (S.D. Ohio July 1, 2010) (citing *Jones v. Ravitz,* No. 07-10128, 2007 WL 2004755, at *2 (E.D. Mich. July 6, 2007)).

A. Plaintiff's claims against defendants Schmidt, Hanna, and Duarte should be dismissed.

Defendants Schmidt, Hanna, and Duarte move for dismissal of plaintiff's claims under Fed. R. Civ. P. 12(b)(6), asserting that plaintiff's complaint fails to state any legally cognizable claims against them. These defendants further argue that plaintiff's claims against them should be dismissed pursuant to the *Barton* doctrine which provides that court appointed trustees and their attorneys cannot be sued for actions taken in the trustee's official capacity, unless leave is

response to defendants' various motions to dismiss. Accordingly, the Court will consider plaintiff's "Answer" as a

first obtained from the court that appointed the trustee. *See In re DeLorean Motor Co.*, 991 F.2d

1236, 1240-41 (6th Cir. 1993). Defendant Michael B. Schmidt was the Chapter 7 Trustee in the

underlying bankruptcy proceeding. *See In re Anita C. Ramirez, et al.*, No. 09-70051, 2011 WL

30973, at *1 (Bankr. S.D. Tex. Jan. 5, 2011). Defendants Duarte and Hanna acted as counsel for

defendant Schmidt in his role as Trustee. (Doc. 3 at 6). Defendants contend that plaintiff seeks

to hold the Trustee and his attorneys liable for conduct which was authorized and directed by the

Texas Bankruptcy Court; thus, plaintiff's claims are official capacity claims and are precluded by

the *Barton* doctrine.

> To the extent plaintiff has filed a response in opposition, his argument is as follows:
>
> A motion to dismiss was entered by the defendants Michael B. Schmidt, Kevin
> Hanna and Demetrio Duarte stating the Barton Doctrine as a defense. This
> defense would have been a valid defense if the court appointed trustee had not
> done such a miserable job in handling the estate. The bank trustee has notified the
> Ramirez family to keep off the property under penalty of law. In doing so, the
> trustee has taken control of the property and therefore falls under the Barton
> Doctrine. However, the Barton Doctrine makes an exception in 959(a).

(Doc. 11 at 7). Plaintiff appears to be citing to 28 U.S.C. § 959(a) which provides that

"[t]rustees, receivers or managers of any property, including debtors in possession, may be sued,

without leave of the court appointing them, with respect to any of their acts or transactions in

carrying on business connected with such property." Section 959(b) imposes a duty on the

trustee to manage property in his possession as a trustee in the same manner that the owner

would. 28 U.S.C. 959(b). Plaintiff contends his claims against these defendants regard the

trustee's failure to conduct business as usual, asserting that he has failed to maintain the

property and, consequently, the *Barton* doctrine does not protect defendants from liability under

28 U.S.C. § 959(a) and (b). For the following reasons, the undersigned finds that plaintiff's

arguments are not well-taken.

---

response in opposition to all defendants' motions to dismiss.

4

"It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *In re DeLorean*, 991 F.2d at 1240. Section 959 of the Bankruptcy Code "serves as a limited exception to . . . the *Barton* [d]octrine, allowing suits against the trustees for actions taken while 'carrying on business.'" *Id.* at 1241 (citing 28 U.S.C. § 959(a)). Here, plaintiff's claims against defendants Schmidt, Hanna, and Duarte are relate only to defendants' conduct during the underlying bankruptcy proceedings, such as defendant Duarte's legal arguments made in court records and defendant Schmidt's actions as Trustee in filing to take possession of property held in part by plaintiff. *See* Doc. 1 at 3. Notably, the complaint contains no allegations whatsoever against defendant Hanna. The claims identified in plaintiff's complaint relate only to the defendants' administration of the estate and not actions taken while "carrying on business." Consequently, the § 959 exception does not apply. *See In re DeLorean*, 991 F.2d at 1241.

As the undersigned finds that defendants are protected from plaintiff's lawsuit under the *Barton* doctrine, defendants Schmidt, Hanna, and Duarte's motion to dismiss (Doc. 3) should be granted. Further, as the complaint contains no allegations against defendant Hanna, dismissal is appropriate with respect to defendant Hanna under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[4]

B. Plaintiff's claims against defendants Villegas and Cano should be dismissed.

Defendant Villegas was the attorney for Anita Garza in the underlying bankruptcy case. Plaintiff's complaint alleges that defendant Villegas "corrupted" his clients, including Anita Garza, by having them make misrepresentations in writing with respect to how

---

[4] This is not to say that plaintiff's complaint states legally cognizable claims against defendants Schmidt and Duarte. Rather, as addressed below, the undersigned finds that plaintiff's complaint is wholly deficient as to all

they paid for his legal services.  Plaintiff further asserts that defendant Villegas did not put up a proper defense during the bankruptcy proceedings and conspired with opposing counsel. Defendant Villegas has filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) asserting that plaintiff's complaint fails to state claims entitling them to relief.

Defendant Cano was also an attorney for plaintiff Anita Garza in the bankruptcy proceedings.  Plaintiff's complaint contains no allegations whatsoever against defendant Cano. Defendant Cano's motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) raise the same argument as that of defendant Villegas.[5]  For the following reasons, the Court recommends that defendant Villegas and Cano's respective motions to dismiss (Docs. 5, 7, 9) be granted for failure to state a claim for relief.

Plaintiff's allegations against defendant Villegas are insufficient to state a claim for violations of his rights as guaranteed by the Constitution of the United States or under any federal statute.  To the extent plaintiff's claims involve alleged violations of his constitutional rights, he may not bring such claims against defendant Villegas or defendant Cano, attorneys in private practice, as they are not state actors and were not acting under color of law during their representation of Anita Garza.  *See Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law.") (citations omitted).  *See also Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998) (attorneys working in private practice are not acting under color of law); *Guitierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987) (conclusory allegations of conspiracy with state actors are insufficient to state a claim under 42 U.S.C. § 1983).  Moreover, plaintiff

---

defendants.

[5] The Court notes that defendant Cano's amended motion to dismiss was amended only to alter the caption

has not articulated a coherent claim against defendant Villegas as best the Court can discern for violation of a federal right. Plaintiff's conclusory and vague allegations that defendant Villegas somehow "corrupted" plaintiff Anita Garza are insufficient to state a claim for relief. *Guitierrez*, 826 F.2d at 1538. Defendant Villegas' motion to dismiss (Doc. 5) should be granted.

Regarding defendant Cano, plaintiff's complaint simply names Cano as a defendant but contains no allegations whatsoever against him sufficient to state any cognizable claim. Even under the liberal construction afforded to a pro se plaintiff, his failure to include any allegations regarding defendant Cano requires dismissal of plaintiff's claims against Cano. *See Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir. 1985) (failure to include any factual allegations supporting claims is sufficient basis for dismissing pro se plaintiff's claims). Accordingly, the undersigned recommends that defendant Cano's motions to dismiss (Docs. 7, 9) be granted.

C. Plaintiff's claims against Judge Isgur should be dismissed.

Plaintiff has named United States Bankruptcy Judge Marvin Isgur, the judge in the underlying bankruptcy proceedings, as a defendant in this case alleging, *inter alia*, that Judge Isgur lied in the court record and was biased during those proceedings. *See* Doc. 1 at 3. Judge Isgur moves to dismiss plaintiff's claims under the doctrine of absolute judicial immunity.

Insofar as plaintiff's motion to strike (Doc. 11) and "Answer" (Doc. 18) are responsive to Judge Isgur's motion, plaintiff asserts that the claim of judicial immunity only applies where a judge is acting within his judicial and jurisdictional capacity and that "Judge Isgur was not acting in his judicial capacity in regards to Israel Garza, since Israel Garza was not a party to the bankruptcy proceedings . . . ." (Doc. 11 at 3). Plaintiff also contends that Judge Isgur was not

---

from "United States Bankruptcy Court" to "United States District Court." *See* Docs. 7, 9.

acting within his jurisdictional capacity. *See* Doc. 18 at 2-3. Plaintiff's arguments are not well-taken.

Judges acting in their official judicial duties are immune from suit, unless those actions were taken in the complete absence of any jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Plaintiff's allegations against Judge Isgur are related entirely to actions he undertook in his capacity as a federal bankruptcy judge during the underlying bankruptcy proceedings. Further, plaintiff's unsupported and cursory arguments that Judge Isgur was not acting within his judicial or jurisdictional capacities are unpersuasive given plaintiff's allegations that Judge Isgur's purportedly unconstitutional conduct occurred as a result of his acts as a judge during the bankruptcy case. Accordingly, the undersigned finds that Judge Isgur is entitled to absolute immunity from plaintiff's claims and recommends that Judge Isgur's motion to dismiss (Doc. 12) be granted. *See also Garza v. Isgur*, No. 12-cv-301, 2012 WL 3696480 (S.D. Ohio Aug. 27, 2012) (Report & Recommendation that plaintiff Israel Garza's claims against Judge Isgur be dismissed on the basis of judicial immunity), *affirmed*, Docket No. 21, (S.D. Ohio Jan. 18, 2013) (Spiegel, J.) ("There is absolutely nothing in this case to show that Defendant Judge Isgur is not entitled to judicial immunity.").

D. Plaintiff's claims against defendant Medrano should be dismissed.

The Court notes that defendant Medrano, who was ostensibly an attorney involved in taking depositions in the bankruptcy matter, *see* Doc. 1 at 3, has not filed an appearance or responsive pleading. Regardless, the Court recommends that plaintiff's claims against defendant Medrano be dismissed as (1) plaintiff lacks standing to raise any ostensible claims on behalf of Anita or Alicia Ramirez, and (2) defendant Medrano was a private attorney who was not acting under color of state law.

The Court's authority "to screen and *sua sponte* dismiss complaints under 28 U.S.C. § 1915(e)(2) is limited to those complaints filed *in forma pauperis*." *Price-II v. Ragan*, No. 08-14472-BC, 2008 WL 5381600, at *1 (E.D. Mich. Dec. 22, 2008) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1015 (6th Cir. 1999)). Section 1915 deals specifically with complaints brought by *in forma pauperis* litigants. Here, however, plaintiff has paid the filing fee. *See* Doc. 1, Ex. 3 (filing fee receipt). "Generally, a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 478 (6th Cir. 1999). Where, however, a plaintiff's complaint consists of allegations that "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion[,]" the district court may sua sponte dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). In the case of such meritless allegations, a plaintiff need not be given the opportunity to amend his complaint.

The undersigned recommends that plaintiff's frivolous and meritless claims against defendant Medrano be dismissed sua sponte for lack of subject matter jurisdiction. Plaintiff's claims are directed at conduct defendant Medrano engaged in while taking depositions of Alicia and Anita Ramirez during the underlying bankruptcy proceedings. *See* Doc. 1 at 3. Specifically, plaintiff alleges that defendant Medrano slammed his hand on the table and refused to allow a break during questioning. *Id.* Plaintiff's allegations are limited to conduct by defendant Medrano which was directed at non-parties Alicia and Anita Ramirez. Plaintiff lacks standing to raise claims on behalf of these individuals. *See Owens v. Voorhies*, No. 3:07-cv-1644, 2007 WL 2381975, at *2 (N.D. Ohio Aug. 17, 2007) (citing *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003)) (claims of constitutional violations raised under § 1983, such as alleged due process

violations, are personal to the injured party and cannot be raised by a pro se plaintiff who lacks

legal authority to represent the allegedly injured individual). Accordingly, plaintiff's claims

against defendant Medrano should be dismissed for lack of standing.

Further, plaintiff's claims against defendant Medrano regarding the manner in which he

conducted a deposition are frivolous and without merit. Plaintiff claims defendant Medrano

violated his constitutional rights. As discussed above, a § 1983 claim "must allege a violation of

a right secured by the federal Constitution or laws and must show that the violation was

committed by a person acting under color of state law." *Flanory*, 604 F.3d at 253. Taking as

true plaintiff's allegations, defendant Medrano is a private attorney who was engaged in

deposing witnesses and parties in the underlying bankruptcy case. As a private attorney,

defendant Medrano is not a person acting under color of state law. *Catz*, 142 F.3d at 289.

Consequently, defendant Medrano is not subject to liability under § 1983 and plaintiff's claims

against him should be dismissed.

**III. Plaintiff's Motions (Docs. 14, 15, 16)**

    A. <u>Plaintiff's motion for clarity (Doc. 14) is denied.</u>

In his motion, plaintiff simply requests "clarity" regarding lawsuits filed in

the Texas bankruptcy court, this case, and plaintiff's previously pending lawsuit in this District

which has recently been dismissed as noted above. Plaintiff seeks clarity on how filings in the

bankruptcy case will affect "appeals and complaints" filed by him. (Doc. 14 at 2). It appears

that plaintiff seeks to have the undersigned provide him legal advice with respect to the

interaction of the above named lawsuits. Such a request is improper. Judges may not advise

litigants on their legal rights. To the extent plaintiff seeks legal advice and counsel, he must

solicit the services of an attorney. Accordingly, plaintiff's motion for clarity (Doc. 14) is denied.

B. <u>Plaintiff's motions to stay (Docs. 15, 16) are denied.</u>

Plaintiff seeks to have this court stay the instant litigation, the case of *Garza v. Isgur*, No. 12-cv-301 (S.D. Ohio 2012), and the Texas bankruptcy court cases. As an initial matter, the undersigned notes that this Court has no jurisdiction to issue a stay in the ongoing bankruptcy proceedings in Texas. Further, the matter of *Garza v. Isgur*, No. 12-cv-301 (S.D. Ohio 2012) is closed. *Id.* at Docket No. 21. As for the instant case, plaintiff has raised no arguments which would provide a valid basis for issuing a stay in this matter. Consequently, plaintiff's motions to stay (Docs. 15, 16) are denied.

## IV. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED THAT** defendants' motions to dismiss (Docs. 3, 5, 7, 9, 12) be **GRANTED** and, further, that plaintiff's claims against defendants Schmidt, Hanna, Duarte, Villegas, Cano, Medrano, and Judge Isgur be **DISMISSED**.

Further, plaintiff's motion for clarity (Doc. 14) and motions to stay (Docs. 15, 16) are **DENIED**.

Date: 1/28/13

Karen L. Litkovitz
United States Magistrate Judge

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ISRAEL GARZA,                                    Case No. 1:12-cv-332
     Plaintiff,

                                              Dlott, J.
     vs.                                          Litkovitz, M.J.

HONORABLE MARVIN ISGURE, *et al.*,
     Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

12

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br><br>X      ☐ Agent<br>                  ☐ Addressee |
| | B. Received by ( Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Israel Garza<br>6501 Cornell Rd.<br>Blue Ash, OH 45242 | D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>   ☒ Certified Mail    ☐ Express Mail<br>   ☐ Registered      ☐ Return Receipt for Merchandise<br>   ☐ Insured Mail     ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>    (Transfer from service label) | 7011 3500 0001 5345 5123 |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Anita Garza
6501 Cornell Road
Blue Ash, OH 45242

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☒ Agent
☐ Addressee

B. Received by ( Printed Name)          C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
   (Transfer from service label)
   7011 3500 0001 5345 5130

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540